The opinion of the court was delivered by
Fenner, J.
The defendant was indicted for murder, and appeals from a verdict and sentence for manslaughter.
The error assigned is the refusal of a continuance.
The continuance was applied for upon an affidavit setting forth the absence of three witnesses, averring the materiality of their testimony, setting forth the relevant and material facts he expected to prove by them and that said facts could be proved by no other witnesses; that he had given their names to the clerk and sheriff in ample time to have them summoned; that they resided in the immediate vicinity of the court house, but were temporarily absent in the neighboring parish' of St. James, which absence was not known to him until he came to summon them; that, nevertheless, he had caused summons to issue to the parish of St. James, upon which no return had been made; that their attendance can be secured if a continuance be granted; and that the motion is not made for delay.
*406 An additional ground for continuance was assigned in the affidavit of his counsel that he had been employed, only the instant before, by friends of the accused, and had had no time to prepare the defence, and that he believed, if proper time were allowed, a sufficient defence could be made.
The judge refused a continuance and signed the bill of exceptions without contradicting any statement above recited, or assigning any reasons for his action.
This was patent error. The bill of exceptions, thus signed without qualification, authorizes us to take as true the facts stated in the affidavits, and those facts undoubtedly sustain the application for continuance.
A motion was subsequently made for a new trial on the ground of error in refusing the continuance. In his reasons for refusing a new trial, the judge says: “The court considering that the accused was arraigned at the beginning of the term, and asked for witnesses residing fifty miles from the court house, four days before the trial, and considering further that the witnesses who testified in the case for the accused, gave him an opportunity to make a full defence, and that this motion is made for delay, orders that the motion for a new trial be refused.”
It is questionable whether we should import these reasons into the bill taken to the refusal of the continuance; but, even if we should do so, they are manifestly insufficient. The case is fully covered by our decision in State vs. Egan,*37 An. 368. It is therefore adjudged and decreed that the verdict and sentence be annulled and reversed, and the case be remanded for further proceedings according to law.